USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 97-2053 THE GREAT WEST-LIFE ASSURANCE, ET AL., Plaintiffs, Appellees, v. OMAR S. ZAKI, Defendant, Appellant.No. 97-2054 OMAR S. ZAKI, Plaintiff, Appellant, v. MUTUAL OF NEW YORK, Defendant, Appellee.No. 97-2057 UNION CENTRAL LIFE INSURANCE CO., Plaintiff, Appellee, v. OMAR S. ZAKI, M.D., P.C., Defendant, Appellant.No. 97-2058 CROWN LIFE INSURANCE, ET AL., Plaintiff, Appellee,  v.  OMAR S. ZAKI, M.D., Defendant, Appellant.   No. 97-2059 CONNECTICUT GENERAL LIFE INSURANCE CO., Plaintiff, Appellee, v. OMAR S. ZAKI, Defendant, Appellant.No. 97-2060 LINCOLN NATIONAL LIFE INSURANCE CO., Plaintiff, Appellee, v. OMAR S. ZAKI, Defendant, Appellant. APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy Gertner, U.S. District Judge] Before Boudin, Circuit Judge, Coffin, Senior Circuit Judge, and Lynch, Circuit Judge.  Omar S. Zaki on brief pro se. Charles B. Straus, III, BBO, Joseph M. Hamilton, BBO andMirick, O'Connell, DeMallie & Lougee, on brief for appellee TheGreeat-West Life Assurance Company. Joseph F. Ryan, BBO and Lyne, Woodworth & Evarts LLP, on brieffor appellee Mutual Life Insurance Company of New York. Philip M. Howe, BBO and Lecomte, Emanuelson, Montejunas &Doyle on brief for appellees The Lincoln National Life InsuranceCompany, Union Central Life Insurance Company and Crown LifeInsurance Company, by its Administrator Lone Star Life InsuranceCompany. Mark C. Rosenthal, BBO and Day, Berry and Howard on brief forappellee Connecticut General Life Insurance Company.July 21, 1998   Per Curiam. Omar S. Zaki appeals from summary judgments entered in favor of six insurance companies and dismissing Zaki's counterclaims. Each insurer was granted rescission of one or more disability insurance policies issued to Zaki and, as applicable, Zaki was ordered to repay the benefits which he received (less premiums paid) under the policies. Having carefully reviewed the judgments in light of the extensive briefs and the record, we share the district court's well-reasoned view that there was no genuine issue of material fact and that each insurer was entitled to judgment as a matter of law. The court did not misapply state law, nor did it misinterpret Zaki's waiver of the policies' incontestability clauses. There was no relevant factual dispute as to Zaki's intent. Affirmed. See Loc. R. 27.1.